IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN JACKSON and SHARON JACKSON, his wife, <br><br> Plaintiffs, <br><br> vs. <br><br> ERNEST P. JONES, M.D., ROBERT R. COLL, M.D., RICHARD G. WILLIAMS, M.D., PENN HIGHLANDS CLEARFIELD HOSPITAL, and R&R RADIOLOGY CONSULTANTS, LLC, <br><br> Defendants. | Civil Action No. 3:18-CV-00081 <br> Judge Stephanie L. Haines |

**MEMORANDUM AND ORDER**

Pending before this Court is the Motion for Summary Judgment filed by Defendants Richard G. Williams, M.D. and R&R Radiology Consultants, LLC (ECF No. 73). No party has filed a response. For the reasons set forth herein, the motion shall be GRANTED. Defendants Richard G. Williams, M.D. and R&R Radiology Consultants, LLC shall be dismissed from this matter with prejudice.

I.     **Factual and Procedural Background**

Plaintiff Steven Jackson was injured in a car accident that occurred on August 28, 2016, and he was then taken for treatment to Defendant Penn Highlands Clearfield Hospital where he alleges he was improperly treated by Defendants Robert R. Coll, M.D., Ernest P. Jones, M.D., Penn Highlands Clearfield Hospital, Richard G. Williams, M.D. and R&R Radiology Consultants, LLC. The Amended Complaint (ECF No. 25) plead claims of negligence/professional malpractice against Dr. Williams and claims of negligence/corporate liability/vicarious liability against R&R

1

Radiology Consultants, LLC ("R&R"). Specifically, Plaintiffs assert that Dr. Williams engaged in malpractice and deviated from the standard of care in failing to accurately read and interpret a cervical spine CT scan performed on Plaintiff Steven Jackson on August 28, 2016. Plaintiffs claim that, as a result of Dr. Williams' deviation from the standard of care, they suffered damages, including husband-Plaintiff's suffering from a worsened spinal cord injury. With respect to Defendant R&R, Plaintiffs allege that the entity was liable under theories of vicarious liability and corporate negligence based on the conduct of Dr. Williams. No cross-claims have been asserted or filed by any of the Defendants in this matter.

The moving Defendants' Brief in Support of the Motion for Summary Judgment indicates that Plaintiffs do not oppose the Motion for Summary Judgment (ECF No. 74). On August 10, 2020, the moving Defendants filed a Supplemental Motion for Summary Judgment (ECF No. 83). This supplement indicates that the other Defendants in this matter, Defendants Robert R. Coll, M.D., Ernest P. Jones, M.D., and Penn Highlands Clearfield Hospital, also do not oppose the Motion for Summary Judgment filed by Dr. Williams and R&R. The Court notes that the deadline for any party to file a response to the Motion for Summary Judgement was August 15, 2020, and no party filed any response to the Motion For Summary Judgment (ECF No. 73), the Brief in Support of the Motion for Summary Judgment (ECF No. 74), or the Concise Statement of Material Facts (ECF No. 75).

## II.   Standard of Review

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the record indicates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element

to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence or the lack thereof that demonstrates the absence of a genuine issue of material fact. *National State Bank v. Federal Reserve Bank of New York*, 979 F.2d 1579, 1582 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Fed. R. Civ. P. 56 (e) provides that if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;
(2) consider the fact undisputed for purposes of the motion;
(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
(4) issue any other appropriate order.

F.R.C.P. 56(e).

Under the Local Rules of Court of the United States District Court for the Western District of Pennsylvania, "[a]lleged material facts set forth in the moving party's Concise Statement of Material Facts ... will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." LCvR 56(e). Accordingly, the Court deems all the facts in the moving Defendants' Concise Statement of Material Facts (ECF No. 75) to be admitted by Plaintiff and the non-moving Defendants.

### III. Legal Analysis

Upon a review of the record and the documents filed in this case, this Court finds that the moving Defendants are entitled to judgment in their favor. Defendants Williams and R&R argue in their motion that Plaintiffs' claims against them must be dismissed with prejudice as Pennsylvania law requires expert evidence to sustain Plaintiffs' professional liability claims against them, and there is no such evidence of record in this matter. This Court agrees.

Liability in this action will be determined by the laws of negligence and medical malpractice in Pennsylvania. *See, e.g.*, *Wooding v. United States*, 2007 WL 951494, at *3, n.6 (W.D. Pa. Mar. 27, 2007). Under Pennsylvania law, a plaintiff must call on a qualified expert to offer testimony to establish both the standard of care and the deviation from that standard of care in order to sustain claims in a medical malpractice case. *Toogood v. Rogal*, 824 A.2d 1140, 1145 (Pa. 2003). A plaintiff is required to show, by a preponderance of the evidence, that the defendant's negligence was the proximate cause of his injury. *Baum v. United States*, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982). Specifically, in order to prevail on a medical malpractice/negligence claim under Pennsylvania law, a plaintiff has the burden of establishing each of the following elements: (1) that there was a duty owed by the physician; (2) that there was a breach of that duty; (3) that the breach proximately caused the harm experienced by the plaintiff; and (4) that the plaintiff's damages directly resulted from the harm. *See Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1070 (Pa. 2006) (quoting *HightowerWarren v. Silk*, 698 A.2d 52, 54 (Pa. 1997)); *Mitzelfelt v. Kamrin*, 584 A.2d 888, 892 (Pa. 1990). In addition, a plaintiff must present expert opinion attesting "to a reasonable degree of medical certainty," that the act of the physician or medical personnel "deviated from accepted medical standards, and that such deviation was the proximate cause of the harm suffered." *Hakeem v. Salaam*, 260 F. App'x 432, 434 (3d Cir. 2008)

(citing *Mitzelfelt*, 584 A.2d at 892). *See also, Toogood*, 824 A.2d at 1145 (Pa. 2003) (holding that because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons a medical malpractice plaintiff must present expert testimony to establish a *prima facie* case of medical malpractice); *Gindraw v. Dendler*, 967 F. Supp. 833, 837 (E.D. Pa. 1997); *Hoffman v. Brandywine Hosp.*, 661 A.2d 397, 399-400 (Pa. Super. Ct. 1995). The only exception to this requirement is when a matter "is so simple, and the lack of skill or want of care so obvious, as to be within the range of experience and comprehension of even nonprofessional persons." *Toogood*, 824 A.2d at 1145 n.14 (citing *Chandler v. Cook*, 265 A.2d 794, 796 (Pa. 1970)); *Hightower-Warren*, 698 A.2d at 54 n.1. The Pennsylvania Supreme Court has indicated that this "very narrow exception" is implicated only in instances of *res ipsa loquitur*. *Toogood*, 824 A.2d at 1145.

The record in this matter shows that Plaintiffs have not produced expert testimony to opine that the moving Defendants bear any liability in this matter, nor have they produced any evidence to meet the exception to this requirement. Neither Plaintiffs, nor the non-moving Defendants, assert any evidence that would preclude the moving Defendants from judgment in this matter, let alone evidence showing that, to a reasonable degree of medical certainty, the moving Defendants' actions deviated from accepted medical standards, and that such deviation was the proximate cause of the Plaintiffs' harm. Therefore, the moving Defendants are entitled to judgment as a matter of law, and the Court will grant the moving Defendants' Motion for Summary Judgment.

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 15th day of September, 2020, it is hereby ORDERED that Defendants' Richard G. Williams, M.D.'s and R&R Radiology Consultants, LLC's Motion for Summary Judgment (ECF No. 73) is GRANTED. Defendants Richard G. Williams, M.D. and R&R Radiology Consultants, LLC are hereby DISMISSED WITH PREJUDICE.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge